NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUSRA SAVICKIENE, | No. 18-72166 |
| Petitioner, | Agency No. A200-720-578 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Ausra Savickiene ("Petitioner"), a native and citizen of Lithuania, petitions

for review of the decision by the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying

Petitioner's application for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel ordered this case submitted on the briefs without oral argument. *See* Dkt. 55; Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT") due to an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief" and reverse only if the "evidence . . . compels the conclusion that these findings . . . are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (internal quotation marks and citation omitted). The substantial evidence standard applies to the agency's credibility determinations. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (internal quotation marks and citation omitted).

1. Petitioner argues the agency erred in denying all of Petitioner's claims for relief by finding Petitioner's testimony not credible. However, substantial evidence supports the agency's adverse credibility finding based on "inconsistencies between the [Petitioner's] testimony and the evidentiary record." For example, Petitioner testified at least four times that Petitioner never reported her Lithuanian

ex-husband's abuse to the police. The record, however, includes a 2014 report from the local Lithuanian police headquarters prepared in response to Petitioner's request, which Petitioner herself translated and attached to her asylum application. The report describes two incidents of abuse Petitioner reported to the police in 2000 and 2001. Even after being confronted with the police report, Petitioner testified that she reported her ex-husband's abuse once. The inconsistencies within Petitioner's own testimony and contradictions between Petitioner's testimony and the evidentiary record constitute substantial evidence supporting the agency's adverse credibility determination, and Petitioner points to no evidence compelling us to conclude otherwise. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (finding substantial evidence supported the agency's adverse credibility finding "based on several contradictions between the documentary evidence she submitted and her testimony . . . as well as conflicting testimony she provided").[1] "Without credible testimony or sufficient corroborating evidence, [Petitioner] cannot show that [s]he has a 'well-founded fear of persecution' based on a protected ground . . . [and] we deny [the petitioner for review with respect to [Petitioner's] claim for

---

[1] Petitioner's argument minimizing these inconsistencies because they do not "go to the heart" of Petitioner's claim erroneously relies on outdated pre-REAL ID Act cases. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) ("The REAL ID Act implemented an important substantive change . . . Inconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination.") (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

asylum and . . . withholding of removal." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

2. Separately, Petitioner argues that the agency erred in denying her claim for CAT relief, but substantial evidence supports the agency's decision. Petitioner "must show that it is more likely than not" that she would be tortured by or with the acquiescence of the government if removed to Lithuania and that she faces "a *particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis in original) (citation modified). Petitioner's brief cites no evidence at all and the record before the agency included only the same discredited testimony and a general human rights report finding that "domestic violence [is] widespread" in Lithuania. Neither the testimony nor the general reports compel a finding that Petitioner is eligible for CAT protection. *See Almaghzar v. Gonzalez*, 457 F.3d 915, 922-23 (9th Cir. 2006) (denying petition where CAT protection claim was based on "discredited testimony and general reports indicating that torture occurs in Yemen" because general reports "do not compel the conclusion that [Petitioner] would be tortured if returned"); *Jiang v. Holder*, 754 F.3d 733, 740-41 (9th Cir. 2014), *overruled on other grounds by*, *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (holding "substantial evidence supports the denial of CAT relief" where Petitioner relied "on the same testimony found to be not credible" and a "Country Report" documenting "religious persecution . . . in China," because

4

a general report "is insufficient to compel the conclusion that *Petitioner* would be tortured if returned") (emphasis in original).

**PETITION DENIED.**[2]

_____

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. 1.